WENTWORTH, Judge.
This is an appeal from an order determining claimant’s average weekly wage. The issues presented are: (1) whether the deputy commissioner erred in finding the average weekly wage was $430.74 and rejecting evidence that it was less; (2) whether the deputy commissioner erred in finding that the amount of claimant’s average weekly wage was res judicata when the order giving rise to the application of the doctrine of res judicata was entered during the pend-ency of an appeal in the same case.
During pendency of an appeal of an earlier order herein, the deputy found that since the parties had stipulated to a minimum average weekly wage he had jurisdiction to hear the claim for wage loss benefits for periods subsequent to the order being appealed. On September 29, 1982, he entered an order finding that the parties had stipulated to a minimum average weekly wage of $430.74, and awarded wage loss benefits. On December 6, 1982, this court dismissed the appeal which had been pending when the deputy awarded the wage loss on the ground that the appealed order was nonfinal and nonappealable. Burnup & Sims, Inc. v. Skinner, 422 So.2d 1076 (Fla. 1st DCA 1982). On June 29, 1983, the deputy entered an order reinstating the order which had resulted in the dismissal, amending the average weekly wage to reflect the amount of $430.74:
The claimant argued that the stipulated minimum figure of $430.74 [incorporated in the order awarding wage loss] was now res judicata and also, that this represents the third time the employer/servicing agent has proposed a different average weekly wage, which under the circumstances of this case they should not be allowed to do.
The undersigned does accept the position of the claimant and does rule that the claimant’s average weekly wage is $430.74.
On the first issue, although appellants make the assertion that the only evidence before the deputy commissioner shows that claimant’s average weekly wage was $401.00, we find in this record no evidence of claimant’s average weekly wage. Thus, even if all of the procedural problems are resolved in appellant’s favor, the record does not support reversal. Second, although the parties assume that the question of claimant’s average weekly wage was the subject of his earlier appeal, that is not the case. The subject of the appeal was the propriety of the deputy’s vacating his order because one party came in with *1168 new evidence which could have been provided in a timely manner. Even if this court had reached the merits of the appeal, it would not have decided the question of claimant’s average weekly wage but would have decided whether the deputy properly agreed to reconsider the average weekly wage himself. Thus, while the question of claimant’s wage was unsettled while the appeal was pending, it was not an issue before this court for decision. Workers’ Compensation Rule 20(b)(3) provides “[pjending appeal the deputy shall retain jurisdiction to enter orders on all matters of the claim which have not been appealed.” Because the determination of average weekly wage was not pending on appeal, the deputy was free to make a determination based on stipulation in connection with the wage loss claim. The fact that an appeal may be mooted by the parties’ subsequent actions does not usurp the appellate function or authority.
Affirmed.
ZEHMER and BARFIELD, JJ., concur.